UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

WISCONSIN SHEET METAL WORKERS
HEALTH AND BENEFIT FUND,
WISCONSIN SHEET METAL WORKERS
401(k) PROFIT SHARING PLAN,
MILWAUKEE AREA SHEET METAL
JOURNEYMAN AND APPRENTICESHIP
TRAINING FUND,
and SCOTT KNOCKE and ROBERT JOSSART,
in their capacity as Trustees of the Funds,

        Plaintiffs,

    v.                           Case No. 24-cv-757

HOLMING FAN AND FABRICATION, LLC,
and WILLIAM R. SELLARS,

        Defendants.

## COMPLAINT

**NOW COME** the Plaintiffs Wisconsin Sheet Metal Workers Health and Benefit Fund, Wisconsin Sheet Metal Workers 401(k) Profit Sharing Plan, Milwaukee Area Sheet Metal Journeyman and Apprenticeship Training Fund (hereinafter referred to as "Funds"), and Scott Knocke and Robert Jossart, in their capacity as Trustees of the Funds, by their undersigned attorneys, Reinhart Boerner Van Deuren, s.c., and as for a cause of action against the Defendants, allege as follows:

### JURISDICTIONAL AND FACTUAL ALLEGATIONS

1. Jurisdiction of this Court is founded upon Sec. 301(a) of the Labor Management Relations Act of 1947, as amended (29 U.S.C. 185 (a)), and Sec. 502 of the Employee Retirement Income Security Act of 1974 (29 U.S.C. 1132), in that the Funds are aggrieved by the

Defendants' violation of certain collective bargaining agreements, trust plans and trust agreements, and Defendants' continued refusal to submit timely contributions in accordance with the terms of those plans and agreements, thereby violating the provisions of the Employee Retirement Income Security Act of 1974, the Multi-Employer Pension Plan Amendments Act of 1980, the terms and provisions of the employee benefit plans, Section 301 of the Labor-Management Relations Act of 1947, federal common law and the laws of the State of Wisconsin.

2. The Funds are employee benefit plans within the meaning of Sections 3(1), (2), (3) and (37), 502 and 515 of ERISA, as amended by the Multiemployer Pension Plan Amendments Act of 1980, PL. No. 96-364, Sec. 306 (codified as amended at 29 U.S.C. Sections 1002(2), (3) and (37), 1132 and 1145) and/or Section 301 of the Labor-Management Relations Act of 1947, and bring this action on behalf of the Trustees, participants and beneficiaries of the Funds. The Funds maintain offices c/o Benesys, Inc. at 2201 Springdale Road, Waukesha, WI 53186.

3. Plaintiffs Scott Knocke and Robert Jossart are trustees and fiduciaries of the Funds, as well as participants and beneficiaries within the meaning of the Employee Retirement Income Security Act of 1974 (29 U.S.C. 1002 et seq.) and as such have standing to be Plaintiffs in this action and to seek the remedies prayed for.

4. Defendant Holming Fan and Fabrication, LLC (hereinafter "Holming Fan"), is a domestic limited liability corporation organized under the laws of the State of Wisconsin, with principal offices located at 6900 North Teutonia Avenue, Milwaukee, Wisconsin. The corporation's registered agent for service of process is William Sellars, 6900 North Teutonia Avenue, Milwaukee, Wisconsin.

5. Defendant William R. Sellars is the individual owner and single member of Holming Fan and Fabrication, LLC who resides at 5776 North Shore Drive, Whitefish Bay, Wisconsin 53217.

6. Holming Fan is an employer and party in interest in an industry affecting commerce within the meaning of Sections 3(5), (11), (12) and (14) of the Employee Retirement Income Security Act of 1974 (29 U.S.C. Sec. 1002(5), (11), (12) and (14)) and the Labor Management Relations Act of 1947 (29 U.S.C. Sec. 151, *et seq.*).

7. At all times relevant, Holming Fan was a party to and agreed to abide by the terms of a collective bargaining agreement known as the Labor Agreement between Local Union No. 18, International Association of Sheet Metal, Air, Rail and Transportation Workers, AFL-CIO ("Sheet Metal Local No. 18") and The Sheet Metal and Air Conditioning Contractors' Association of Milwaukee, Inc., originally signed by Sheet Metal Local No. 18 and by Holming Fan on November 16, 2017, by means of a Letter of Assent, which remains in effect today. Sheet Metal Local No. 18 is a labor organization which represents, for purposes of collective bargaining, certain employees of Holming Fan, and employees of other employers in industries affecting interstate commerce within the meaning of Sections 2(5), 9(a) and Sec. 301(a) of the Labor Management Relations Act of 1947 (29 U.S.C. Sec. 151, *et seq.*). A true and correct copy of the Letter of Assent and Labor Agreement are attached hereto as Exhibit A.

8. As a party to the Labor Agreement, Holming Fan agreed to make timely payments to the Funds for each employee covered by the agreement. As a party to the Labor Agreement, Holming Fan adopted the trust agreements and amendments thereof which establish and govern the Funds and are necessary for their administration, and designated as its representatives on the Board of Trustees such Trustees as have been named and appointed pursuant to said trust

agreements, together with their successors selected in the manner provided in such trust agreements, and thereby ratified all actions already taken or to be taken within the scope of their authority.

9. By virtue of executing the Labor Agreement and adopting and assenting to all the terms and provisions of the trust agreements, and the rules and regulations heretofore and hereafter adopted by the Trustees of said trust funds, Holming Fan has agreed as follows:

   a. to file monthly reports and make timely and prompt contributions to the Plaintiff Funds for each employee covered by the aforementioned Labor Agreement;

   b. to designate, and accept as its representatives, the Trustees named in the declaration of trust and their successors;

   c. to adopt and abide by all of the rules and regulations adopted by the Trustees of the Funds pursuant to the trust agreements;

   d. to adopt and abide by all of the actions of the Trustees in administering the Funds in accordance with the trust agreements and the rules so adopted; and

   e. to pay, in addition to all of the contributions which are due and owing, liquidated damages and interest relative to delinquent and/or late-paid contributions, and actual attorneys' fees, audit fees, court costs and service fees, should legal action be necessary to obtain delinquent contributions and/or interest and/or liquidated damages.

10. Holming Fan has failed to perform its obligations under the terms and conditions of the Labor Agreement and trust agreements by failing to make payments to the Funds as required by the Labor Agreement and applicable trust agreements for all of Holming Fan's covered employees, and by failing to accurately report employee work status to the Funds.

11. Section 502(g)(2) of ERISA, as amended by the Multiemployer Pension Plan Amendments Act of 1980 (Sec. 306(b)(2)) provides:

> (2) In any action under this title by a fiduciary for or on behalf of a plan to enforce section 515 in which a judgment in favor of the plan is awarded, the court shall award the plan –
>
>     (A) the unpaid contributions,
>
>     (B) interest on the unpaid contributions,
>
>     (C) an amount equal to the greater of –
>
>         (i) interest on the unpaid contributions, or
>
>         (ii) liquidated damages provided for under the plan in an amount not in excess of 20 percent (or such higher percentage as may be permitted under Federal of State law) of the amount determined by the court under subparagraph (A),
>
>     (D) reasonable attorney's fees and costs of this action, to be paid by the defendant, and
>
>     (E) such other legal or equitable relief as the court deems appropriate.
>
> For purposes of this paragraph, interest on unpaid contributions shall be determined by using the rate provided under the plan, or, if none, the rate prescribed under Section 6621 of the Internal Revenue Code of 1954.

12. Section 515 of ERISA provides that "[e]very employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall, to the extent not inconsistent with law, make such contributions in accordance with the terms and conditions of such plan or agreement."

13. Incorporated into the Funds' Trust Agreements is a "Delinquency Collection Procedure.," which authorizes the Trustees to take legal action to collect unpaid contributions, including interest and liquidated damages, and to recover all costs and attorneys' fees incurred in collecting unpaid or overdue amounts from any delinquent employer.

5

Case 2:24-cv-00757-BHL   Filed 06/18/24   Page 5 of 11   Document 1

14. The Delinquency Collection Procedure further provides that, in legal actions to collect delinquencies, the delinquent employer shall be liable for the following: (1) the delinquent contribution amount; (2) interest on the delinquent contribution amount; (3) liquidated damages at the rate of 5% of the delinquent contribution or, in the case of delinquencies lasting multiple months, a rate of 5% for the first month with 5% interest rate increases each additional month the amount remains delinquent up to a maximum of 20%; and (5) all costs of recovery, including, but not limited to, attorneys' fees and costs of prosecution of the legal action. A true and correct copy of the Delinquency Collection Procedure is attached hereto as Exhibit B.

15. Despite demands that Holming Fan perform its statutory and contractual obligations, Holming Fan has failed to make payments on a timely basis for the work months of December 2022 through May 2024. As a result, according to two independent audits of the company's books and records—one for the period of December 2022 through December of 2023 and the other for the period of January 2024 through May of 2024—Holming Fan is now indebted to the Funds for that period of time as follows: Wisconsin Sheet Metal Workers Health and Benefit Fund $61,055.50; Milwaukee Area Sheet Metal Journeyman and Apprenticeship Training Fund $7,949.14; Wisconsin Sheet Metal Workers 401(k) Profit Sharing Plan $3,736.83. A copy of both of the audit results are attached hereto as Exhibit C.

### COUNT I BY ALL FUNDS
### VIOLATION OF ERISA SECTION 515

16. Plaintiffs reallege each and every allegation contained in paragraphs 1 through 15 above and incorporate the same as though fully set forth herein.

17. Due demand has been made upon Holming Fan for payment of all sums due and owing for the work months of December 2022 through May 2024.

18. Holming Fan has refused to pay all amounts due for the work months of December 2022 through May 2024.

19. As a result of Holming Fan's failure to make timely contributions on behalf of all covered employees, the corpus of each of Plaintiffs' trust funds is reduced, Plaintiffs' income is reduced, and their ability to pay benefits to qualified participants and beneficiaries is curtailed.

20. As a result of Holming Fan's failure to make timely contributions payable for the work months in accordance with the Labor Agreement, Holming Fan has violated ERISA Section 515 (29 U.S.C. Section 1145), and the Funds are entitled to damages as set forth in ERISA Section 502(g)(2) (29 U.S.C. Section 1132(g)(2)).

## COUNT II BY ALL FUNDS
## BREACH OF TRUST AGREEMENT RULES (BENEFIT DELINQUENCY)

21. Plaintiff Funds reallege each and every allegation contained in Paragraphs 1 through 20 above and incorporates the same as though fully set forth herein.

22. Holming Fan is a party to and bound by the Funds' Trust Agreements. The Delinquency Collection Procedure, incorporated into the Trust Agreements, obligates Holming Fan to make timely contribution payments to the Funds as required under the terms of the Labor Agreement. Under the Delinquency Collection Procedure, the Trustees are entitled to interest and liquidated damages in addition to delinquent contributions. The Delinquency Collection Procedure further provides that the Trustees are entitled to recover all costs and reasonable attorneys' fees incurred in the collection of delinquent contributions.

23. The Delinquency Collection Procedure item 6 provides as follows:

> If a delinquency is referred to legal counsel for collection, the delinquent Employer shall be liable for the amount of its contributions and the following:
>
> (a) Interest as described in item 4;

      (b) Liquidated damages described in item 3;

      (c) All costs of recovery, including, but not limited to, attorney's fees and costs of the action.

24. As a result of its failure to make timely contributions in accordance with the collective bargaining agreement, Holming Fan has violated the terms of the Trust Agreements. Based upon the Trust Agreements' and the Funds' delinquency rules, Holming Fan is liable to the Funds for delinquent contributions, interest, liquidated damages, and the expenses of collection incurred by the Funds, including reasonable attorneys' fees and costs.

25. As a result of Holming Fan's failure to make timely contributions, some of the Funds' beneficiaries and participants could have eligibility terminated and benefits reduced for which they would otherwise qualify. These beneficiaries and participants would be left without an adequate remedy at law and would suffer severe and irreparable harm if said Defendant is not mandatorily compelled to comply with its collective bargaining agreement and enjoined from further breaches.

## COUNT III BY WISCONSIN SHEET METAL WORKERS 401(k) PROFIT SHARING PLAN AGAINST WILLIAM R. SELLARS THEFT BY CONTRACTOR

26. As and for a claim for relief against defendant William R. Sellars, Plaintiff Wisconsin Sheet Metal Workers 401(k) Profit Sharing Plan ("401k Plan") realleges each and every allegation contained in paragraphs 1 through 25 above and incorporates the same as though fully set forth herein.

27. Defendant Holming Fan is a party to and bound by the trust agreement of the 401k Plan. The trust agreement obligates William R. Sellars, in his capacity of owner and sole member of the LLC, to deduct directly from employees' paychecks timely contribution payments to the 401k Plan as required by individual direction of Holming Fan employees. The

Delinquency Collection Procedure of the trust agreement authorizes the trustees to collect reasonable interest and liquidated damages to be added to delinquent contributions. The Delinquency Collection Procedure of the trust agreement further provides that the trustees are entitled to recover all costs and reasonable attorneys' fees incurred in the collection of delinquent contributions.

28. As owner and sole member of the limited liability corporation of Holming Fan, William R. Sellars has control over payment of contractual obligations taken on by the company. As part of that duty, Wiliam R. Sellars is to ensure that 401k Plan assets are set aside and paid directly to the 401k Plan as soon as the appropriate amounts are deducted from the paychecks of Holming Fan employees.

29. In failing to properly contribute deducted wages from employee paychecks to the 401k Plan, William R. Sellars has improperly diverted 401k Plan assets and has committed theft by contractor pursuant to Section 779.02(5) of the Wisconsin Statutes and federal common contract law.

30. Defendant William R. Sellars failed to make proper and timely contributions on behalf of Holming Fan employees to the 401k Plan during the months of August through December 2023, inclusive, in the amount of $1,671.14, plus applicable interest of $538.08 and liquidated damages of $1,527.61.

31. The 401k Plan has been damaged as set forth above due to the misappropriation of funds and as a result Defendant William R. Sellars is personally liable to the 401k Plan.

**PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiffs respectfully request the following relief:

1. Judgment on behalf of the Plaintiffs and against the Defendant Holming Fan:

a. For contributions, interest and liquidated damages incurred as a result of the failure to timely pay contributions to the Funds from December 1, 2022 to the date of the filing of this lawsuit, pursuant to ERISA and the terms of the Trust Agreements and the Funds' delinquency rules;

b. For reasonable attorneys' fees and actual costs incurred in the prosecution of this legal action, pursuant to ERISA and the terms of the Trust Agreements and the Funds' delinquency rules; and

c. For unpaid contributions, variances, interest and liquidated damages becoming due and/or arising from the date of the filing of this lawsuit through the date of judgment.

2.# An order requiring Holming Fan to serve on Plaintiffs' counsel, within ten (10) days of the date of said order, a list of Holming Fan's accounts receivable. With respect to each account receivable, Holming Fan shall itemize:

a. The amount of each account receivable.

b. The period of time during which such receivable accrued.

c. The location of the premises upon which the work was performed.

d. The nature of the improvement involved for which the account receivable is due.

e. The present outstanding amount of wages and fringe benefits still owed for labor on the improvement (itemized by individual and by month on each project or improvement separately).

3. Judgment on behalf of the Wisconsin Sheet Metal Workers 401(k) Profit Sharing Plan and against defendant William R. Sellars:

(a) For $1,671.14 representing delinquent contributions presently owed to the 401k Plan for the work months of August through December 2023;

(b) For interest accrued through the date of the commencement of this action and liquidated damages incurred as a result of the failure to timely pay deducted contributions to the 401k Plan for the delinquent work months of August through December 2023, pursuant to ERISA and the terms of the Labor Agreement, the trust agreements and the applicable 401k Plan's' delinquency rules;

(c) For reasonable attorneys' fees and actual costs incurred in the prosecution of this legal action, pursuant to ERISA and the terms of the collective bargaining agreement, the trust agreements and the applicable 401k Plan's delinquency rules; and

4. The Court should retain jurisdiction pending compliance with its orders.

5. For such other, further or different relief as the Court deems just and proper.

Dated this 18th day of June, 2024.

s/ Philip R. O'Brien
Philip R. O'Brien
WI State Bar ID No. 1015549
pobrien@reinhartlaw.com
Daniel G. Murphy
WI State Bar ID No. 1097740
dmurphy@reinhartlaw.com
Reinhart Boerner Van Deuren s.c.
1000 North Water Street, Suite 1700
Milwaukee, WI 53202
Telephone: 414-298-1000
Facsimile: 414-298-8097

*Attorneys for Plaintiffs*

52015385v2