# EXHIBIT B

# WISCONSIN SHEET METAL WORKERS HEALTH AND BENEFIT FUND

## DELINQUENCY COLLECTION PROCEDURE

1.     Due Date. A participating Employer's contribution and payroll report for employees shall be paid to the Fund by the 20th day of the month ("Due Date") following the month in which the work was performed for which contributions are owed, unless the 20th falls on a weekend or Federal holiday, in which case the contribution is due on the next following business day. The Fund must actually receive the contribution on or before the Due Date; the "mailbox" rule shall not apply.

2.     Delinquent Defined. If the required contribution and payroll report are not received on or before the Due Date, the contribution and payroll report are delinquent and subject to interest described below. A contribution will be considered delinquent for purposes of liquidated damages if the contribution and payroll report are not received by the last day of the month in which the Due Date occurs; provided, however, liquidated damages will be automatically waived upon the Employer's request if: (a) the contribution and outstanding interest are paid and the payroll report is submitted between the Due Date and the end of the month following the month in which the Due Date occurs and (b) the Employer's contributions and payroll reports to the Plan during the prior 12-consecutive month period have been received by the Due Date and no liquidated damages were assessed for that period.

3.     Liquidated Damages. If a contribution and/or payroll report is delinquent (as defined in item 2 above) as of the end of the month in which the Due Date occurs, the Employer shall be obligated to pay liquidated damages in an amount equal to 5% of the amount of contributions owed on the Due Date. Liquidated damages will increase by 5% for each whole or partial month thereafter for which the contribution remains outstanding (to a maximum of 20% of the delinquent contribution).

4.     Interest. The employer shall be obligated to pay interest on the unpaid contributions from the Due Date at 18% per annum (1.5% per month). For contributions received between the Due Date and the end of the month in which the Due Date occurs, interest shall be assessed at the daily equivalent of 18% per year for each day that the contribution remains delinquent. The foregoing to the contrary notwithstanding, interest shall be assessed at 1.5% for Employers that satisfy their delinquency before the end of the month in which the Due Date occurs if the Employer has been delinquent at least 3 times in the trailing 12-month period.

5. <u>Administrative Manager Actions</u>. If contributions are not received by the last day of the month in which the Due Date falls, the Administrative Manager shall send a demand letter to the Employer seeking payment of the delinquent contributions, interest, liquidated damages and the remittance report. If the Employer does not satisfy this request by the end of the month following the month in which the Due Date falls, the Administrative Manager shall send a second letter demanding payment within seven days. If payment is not received within the seven-day period, the Administrative Manager shall forward the matter to legal counsel with written authorization to sue (as described further in paragraph 6).

The Administrative Manager shall, coincident with sending the first and second demand letter to the Employer, contact by letter those known employees of the Employer. The letter will notify the employees of the suspected delinquency and the impact it could have on their benefit rights.

In cases where special circumstances indicate the collection action should be expedited or delayed, the Administrative Manager, with input from the Chairman and Secretary, may refer a delinquency for collection at an earlier date or a later date.

The Administrative Manager shall send a demand letter seeking interest and, if applicable, liquidated damages to a delinquent Employer that has paid its outstanding contributions and submitted its remittance report. The Administrative Manager shall refer these cases to legal counsel if the Employer does not satisfy its outstanding interest and liquidated damages within 14 days of the date that the Administrative Manager sends the demand letter. Legal counsel shall then send affected Employers a demand letter seeking all outstanding amounts. Legal counsel shall seek Trustee approval before commencing legal action to pursue interest and liquidated damages.

6. <u>Referral to Legal Counsel and Plan Auditor</u>. If a delinquency is referred to legal counsel for collection, the delinquent Employer shall be liable for the amount of its contributions and the following:

    (a) Interest as described in item 4.

    (b) Liquidated damages described in item 3; and

    (c) All costs of recovery, including, but not limited to, attorney's fees and costs of the action.

The Trustees may also refer delinquencies to legal counsel consisting solely of outstanding interest and/or liquidated damages, in which case the

2

Employer shall be liable for damages described under subsections 6(a) and/or 6(b), and 6(c).

In conjunction with referring a matter to legal counsel for collection, the Administrative Manager will request an audit of the Employer's payroll books and records.

7. **Compromise**. The Trustees are authorized to compromise a delinquency, including the amount of interest and liquidated damages assessed, when they determine, pursuant to uniform practice consistently applied, that the likelihood of collection (considering factors such as financial condition and credit rating of the Employer) and the cost of collecting the full amount justify an adjustment or installment arrangement. The Trustees shall also have the discretion to compromise or waive liquidated damage assessments on a case-by-case basis where the Employer requests a waiver and the Trustees conclude that circumstances exist that warrant a waiver. Waivers will be conditioned upon the Employer making timely payments to the Fund for a period to be determined by the Trustees.

8. **Payroll Audit**. Where a payroll audit is conducted and the audit discloses an underpayment, the Employer shall be liable for the amount of the contribution, plus interest described in item 4. The Trustees may, based upon all relevant circumstances, including a recommendation by the auditor conducting the audit, by resolution provide that liquidated damages under item 3 of the above rules and/or the cost or partial cost of the audit shall be assessed based on the underpayment disclosed in the payroll audit. In the event it becomes necessary for legal counsel to file a suit to collect the underpayment disclosed in an audit or to enforce the Trustees' right to conduct a payroll audit because of the Employer's refusal to permit the audit or to fully cooperate with the audit as demanded by the Trustees, then the costs of recovery provided for in item 6 above shall be assessed against the Employer.

9. **Trustee Action**. All Trustee action hereunder shall be taken by the Board of Trustees pursuant to the Trust Agreement or by an agent of the Board of Trustees (*e.g.*, an Accounts Collection Committee) that has received a delegation of authority from the Board of Trustees.

R\1415484v2

3

Case 2:24-cv-00757-BHL   Filed 06/18/24   Page 4 of 4   Document 1-2